UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RoSHIEKA CHARISMA JONES,

    Plaintiff,

v.

THOMPSON TOWERS
APARTMENTS,

    Defendant.

Case No. 25-12700
Honorable Laurie J. Michelson

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [1] AND DISMISSING COMPLAINT**

RoShieka Charisma Jones alleges that her Section 8 housing development, Thompson Towers Apartments, has failed to provide hot water for an extended period of time. In her second amended complaint filed on October 14, 2025, she says she received a notice to quit dated October 19, 2025. (ECF No. 10, PageID.52.) She asks this Court to stop eviction proceedings from being brought against her and requests money damages. For the following reasons, the Court summarily dismisses Jones' complaint.

**I.**

On August 26, 2025, RoShieka Charisma Jones filed a *pro se* civil rights complaint on behalf of "all occupants" against her Section 8 housing development Thompson Towers Apartments. (ECF No. 1.) Using the Court's general civil case complaint form, she indicated that the Court has federal question jurisdiction (*id.* at PageID.3) and that the statute at issue in her case is 18 U.S.C. § 371 (*id.* at PageID.4),

i.e., the criminal statute prohibiting conspiracies to commit any offense against the United States or to defraud the United States. In her "statement of claim," she cited "42 U.S.C. § 1985: Conspiracy to interfere with civil rights" and made a single factual allegation that her "[r]ight to fair housing [was] violated as affiliates arranged to not allow tenants to have hot water to shower for the tenants who owe rent year 2025." (*Id.* at PageID.5.)

Along with her complaint, Jones filed an application to proceed without prepaying fees and costs. (ECF No. 5.) While the Court has been in the process of reviewing that application and screening Jones' complaint pursuant to 28 U.S.C. § 1915(e)(2), Jones has filed two amended complaints. (ECF Nos. 9, 10.)

The first one cites the same statutes: 18 U.S.C. § 371 and 42 U.S.C. § 1985. (ECF No. 9, PageID.42–43.) It elaborates on the defendant's alleged failure to make necessary service repairs in her apartment despite the complaints she has filed with the defendant and the U.S. Department of Housing and Urban Development. (*Id.* at PageID.43.)

Most recently, on October 14, 2025, Jones filed a second amended complaint "and request for injunction." (ECF No. 10.) She states that the federal statutes at issue are "Civil Rights, Other- USC," "Civil Right 443 Housing Accommodations," and 18 U.S.C. § 371. (*Id.* at PageID.50.) She alleges that she has had "no hot water since Winter 2025" and that she received a "Notice to Quit for Possession October 19, 2025" (*id.* at PageID.52), presumably meaning that on October 19 her landlord intends to file for an eviction in state court. She seeks an "injunction stopping filing eviction

2

until case is resolved" and elaborates that "eviction may lead to future ineligibility for housing assistance," that "[r]esidents need to relocate with emergency housing voucher and emergency relocation assistance for permanent supportive housing," and that "[a]dequate housing is needed to prevent [her] child from being placed in care or to allow [her] child to return home." (*Id.*) She also appears to allege that Defendant's weekly pest control caused burns to her 1-year-old child. (*See id.* ("Roach spraying by pest control chemicals burning 1 year old . . . skin are weekly Friday afternoons . . . 1year [sic] old . . . skin burns burned from excessive distribution of roach spraying by Thompson Towers Pest Control after no spray request due to allergic.").)

Because Jones fails to state a claim and seeks relief that is beyond this Court's power to grant, the Court dismisses her complaint.

## II.

The Court begins by granting Jones' application to proceed without prepaying fees and costs. (ECF No. 5.) Jones states that her sole sources of income are Social Security Disability Insurance and child support (*id.* at PageID.14), that she has three dependent children (*id.* at PageID.15), and that she has limited savings and no assets (*see id.*). The Court thus finds that Jones has made the required showing of indigence under 28 U.S.C. § 1915(a)(1).

In turn, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to conduct a preliminary screening of Jones' complaint and dismiss any claim that is "frivolous

or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

Pursuant to this screening, Jones' complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### III.

Jones first purports to sue Thompson Towers Apartment for violating 18 U.S.C. § 371, the federal criminal statute prohibiting conspiracies to commit any

4

offense against the United States or to defraud the United States. But only the United States Attorney can initiate criminal charges in federal court—not a private citizen such as Jones. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). In addition, criminal statutes do not generally confer a private cause of action in a civil case, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), and Section 371 does not create an exception to the general rule, *see, e.g.*, *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (collecting cases) (concluding that *pro se* plaintiff's claim under 18 U.S.C. § 371 "must be dismissed because this statute does not create a civil cause of action"); *Rockefeller v. Rehnquist*, No. 03-5282, 2004 U.S. App. LEXIS 1466, 2004 WL 210649, at *1 (D.C. Cir. 2004) (affirming dismissal of *pro se* plaintiff's claim under 18 U.S.C. § 371 and reasoning that there is no private cause of action under the statute); *Rockefeller v. U.S. Ct. of Appeals Off.*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("[T]he plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action."); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (dismissing *pro* se claim under 18 U.S.C. § 371 because "there is no private right of action" under the statute).

Jones' claim under 42 U.S.C. § 1985[1] fares no better. First, she fails to plausibly allege that Thompson Towers is a state actor. *See, e.g.*, *Benford v. Smith*,

---

[1] While Jones cited Section 1985 in her since-superseded complaints (ECF No. 1, PageID.5; ECF No. 9, PageID.43), she does not directly cite the statute in her operative complaint (*see* ECF No. 10). The Court nonetheless generously construes her reference to "Civil Rights, Other- USC" as a citation of Section 1985 (*id.* at PageID.50).

No. 04-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that even private landlords participating in HUD's Section 8 housing program are not considered state actors and thus cannot be liable under section 1983). Second, she cannot bring a conspiracy claim involving only a single actor. *See* 42 U.S.C. § 1985 (describing basis for civil suit "[i]f *two or more persons* in any State or Territory conspire" as described under the statute). "[A] conspiracy claim under § 1985[] requires an agreement between two parties. It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy." *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 631–32 (W.D. Mich. 2015); *see also Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008).

Nor has Jones alleged any facts supporting the applicability of 42 U.S.C. § 1985, which concerns conspiracies to violate civil rights. *See* 42 U.S.C. § 1985(1)–(3) (creating civil liability for conspiracies to prevent a federal officer from performing their duties, obstruct justice, or deprive another of equal rights or privileges under the law); *McKinney v. Ky. Dep't of Corr.*, No. 17-543, 2018 U.S. Dist. LEXIS 23355, at *24–26 (W.D. Ky. Feb. 12, 2018) (screening and dismissing *pro se* plaintiff's claim under 42 U.S.C. § 1985 and explaining that plaintiff, who "d[id] not state on which section of § 1985 he [wa]s relying," failed to state a claim under any section of the statute); *see also O'Dell v. Kelly Servs.*, No. 15-13511, 2017 U.S. Dist. LEXIS 23515, at *24 (E.D. Mich. Feb. 21, 2017) (rejecting *pro se* plaintiff's argument that her 42 U.S.C. § 1985 claim was also a claim under 18 U.S.C. § 371 and explaining that

"[n]one of the wrongs alleged in [plaintiff's] complaint are wrongs to the United States and she has no ability to bring such a claim").

That leaves only Jones' reference to "Civil Right 443 Housing Accommodations," which appears for the first time in her second amended complaint. (ECF No. 10, PageID.50.) Generously construed, Jones appears to be citing the "nature of suit" code that is listed on the cover sheet accompanying the Court's general civil complaint form—specifically, the code under "Civil Rights" for "443 Housing/Accommodations." (*See* ECF No. 1, PageID.8; ECF No. 9, PageID.46.) The Court's "code descriptions" elaborate that "443 Housing/Accommodations" refers to "[a]ction filed under the Fair Housing Act." *Civil Nature of Suit Code Descriptions*, U.S. Dist. Ct. for E.D. Mich., 6, https://perma.cc/DL5E-6PUH. Assuming that Jones consulted that separate document with the key to each code's meaning, she asserts a failure-to-accommodate claim under the Fair Housing Act. But to state such a claim, a plaintiff must allege that (1) she suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford "an equal opportunity to use and enjoy the dwelling;" (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation. *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011); *see* 42 U.S.C. § 3604(f)(3)(B)(ii) (prohibiting the refusal "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"). While the Court can infer from the fact that Jones

receives SSDI (*see* ECF No. 5, PageID.14) that she is disabled, she makes no allegations about any of the other elements of a failure-to-accommodate claim. Instead, the focus of her complaint is her lack of hot water and the defendant's notice to quit, not any failure to accommodate a disability.

Finally, and fundamentally, the Court lacks jurisdiction to provide the relief Jones seeks. (ECF No. 10, PageID.52 (requesting an "injunction stopping filing eviction until case is resolved").) The Court has no authority to enjoin a state court proceeding, with limited exceptions not applicable here. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). So this Court cannot enjoin any eviction proceedings brought against Jones in state court. The same prohibition applies with equal force to a request for the Court to enjoin the parties to the action, so the Court cannot "stop[] [the defendant from] filing [for] eviction." (ECF No. 10, PageID.52); *see Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties . . . .").

Any challenges Jones has to the eviction proceedings against her need to be raised in state court, namely in the context of those eviction proceedings. It is state court, rather than this Court, that has the power to consider her claims that her apartment lacks hot water, that her housing development has engaged in "excessive distribution of roach spraying," that she has filed unanswered complaints with HUD,

8

and any other arguments against eviction. *See Derby v. Pleasant Beach Mobile Home Resort*, LLC, 25-11324, 2025 U.S. Dist. LEXIS 136602, at *10 (E.D. Mich. July 17, 2025) ("[G]enerally speaking . . . wrongful eviction claims arise under state law and are litigated in state courts.").

Having dismissed Jones' federal claims, the Court declines to exercise supplemental jurisdiction over and dismisses any state law claims she brings. (*See* ECF No. 10, PageID.51–52); 28 U.S.C. § 1367(c)(3) (providing that district courts have discretion to decline to exercise supplemental jurisdiction over claims arising under state law if it has dismissed all claims over which it had original jurisdiction); *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ."); *Quarles v. City of Zainesville*, No. 24-3963, 2025 U.S. Dist. LEXIS 41616, at *19 (S.D. Ohio Mar. 7, 2025) (screening complaint and reasoning that "[w]ith no federal claims proceeding, the Court should decline to exercise supplemental jurisdiction over any state-law claims Plaintiff might be alleging").

## IV.

The Court is not unsympathetic to Jones' plight and so too might be the state court. But that is where the case belongs. Thus, for the reasons above, the Court GRANTS Jones' application to proceed without prepaying fees and costs (ECF No. 5) and DISMISSES her complaint (ECF No. 10; *see* ECF Nos. 1, 9).

SO ORDERED.

Dated: October 16, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE